We have before us today, we have four, is Cooper v. Samsung Electronics, America, Inc., number 08-4736. Mr. Kaplan and is it Mr. Asuncio or? Asuncio. Asuncio. Okay, got it. Thank you. Good morning, Your Honor, and may it please the Court, my name is Darren Kaplan, and I am here on behalf of Plaintiff Appellant Nathan Cooper. If it please the Court, I'd like to reserve five minutes for rebuttal. Your Honor, move that microphone a little closer to you, please, and speak up. Can you hear me now? Yes, very good. Thank you, Your Honor. Just like the Verizon commercial. Excellent. Your Honor, what we have before the Court today is an appeal of the dismissal of the first amended complaint in Cooper v. Samsung by the District Court of New Jersey pursuant to Federal Rule of Civil Procedure 12B6. The first question I have is just on the breach of express warranty claim. I'm looking at the claim. Where's the express warranty in that claim or in that, what I read to be a limited warranty? Well, the express warranty provides that it warrants against all defects. Pursuant to the Uniform Commercial Code, a representation made at the time of sale is incorporated into the warranty, and regardless of a disclaimer of other warranties and an express warranty, a representation at the time of sale. What it says is there are no express warranties. This is all caps, by the way, which the UCC at least used to require. There are no express warranties other than those listed and described above. And there really aren't any above. Those are limited warranties. And they relate to manufacturing defects. How can this be a manufacturing defect? Well, Your Honor, I would submit to you that the question of whether or not this is a manufacturing defect is one of fact, not a question of pleading. And therefore, if the Court had any questions about that, it should have allowed a factual record to be submitted. A manufacturing defect couldn't be something that the manufacturer intended to manufacture, could it? Well, it's interesting that Your Honor would raise that. It seems to me that the facts in this case are such that it's difficult to determine when, in fact, Samsung made the decision to continue to allow these televisions to be sold as 1080p televisions. They were manufacturing what they intended to manufacture in the way they intended to manufacture it, weren't they not? Especially when you look at pages 3, 4, and 6 of the brochure. I mean, if they didn't intend it, why would they say this is what we've done? It's not – there are certain things that 1080p isn't compatible with. Your Honor, I think I would have to go back to the Uniform Commercial Code provisions which deal with representations at the time of sale. And those representations are undisputed in this case. Samsung sold televisions as 1080p televisions that were incapable of accepting a 1080p video signal via the only inputs that ended up mattering. What is the strongest argument that you have of those that are listed as issues in your brief? Well, I had thought before I got up here that it was the express warranty, but I think that the – Yeah, that one's marching up San Juan Hill. Okay. Well, I appreciate that, Your Honor. However, I would just – if I may, it is extremely important in the sale of goods to consumers that representations that are made at the time of sale be accurate. And if those representations are inaccurate, a consumer must have some recourse at law. And the question of whether or not that representation was accurate, whether the limitations were fully disclosed, those are factual issues which we never got to in this case. But what is a fact that we know is that if there is a problem, you had to give them notice. You didn't give them notice, and then you filed suit, and you say, well, that's the notice. Well, how can they possibly repair something if you don't give them notice beforehand? Suit can't be the notice. Well, in fact, Your Honor, with all due respect, under New Jersey law, the two cases that we cited in the brief – I'm going to butcher this – Strzokowski and Cipollini – those cases, in fact, specifically hold that the filing of suit can constitute notice where required – where notice is required under the express warranty. Moreover, those cases and a number of other cases in New Jersey – I'm thinking in addition to the Boies v. Greenwich Boat Works case – those cases all consistently hold that in order for a notice requirement to be enforced, the warrantor must have been prejudiced by the lack of notice. But I thought that Judge Linares, after argument, held that the appropriate law to apply was Arizona law. Well, first of all, if I may, Judge Garth, there was no argument held. I beg your pardon? There was no argument held. This was simply on briefing. On briefing. Yes. Even under – What was wrong with his decision in that respect? Do you contest that Arizona law, where your client was situated and where he bought the television set, would not apply? We do, Your Honor. On the breach of express warranty, it was uncontested that New Jersey law would apply because there was no difference between the law of New Jersey and the law of Arizona. On the New Jersey Consumer Fraud Act, we were – as well, it's our position that New Jersey law should apply under the most significant relationship test. At that time, it would have been the governmental interest test. There's obviously an awful lot of briefing about that, and I'd love – I'd like to get to that point as well whenever the panel is ready. But also, the fraudulent concealment claim, there really was no analysis as to what state's law should apply. So of the claims that are before this panel, we maintain that New Jersey law should apply on all three. Well, now, what about the most recent New Jersey Supreme Court case? Camp JC. The JC case. Well, the JC case instructs the courts that are considering a choice of law analysis to look to the restatement, Section 6, Section 148. Is it 148.1 or 2? Well – It's got to be 2, right? It's got to be 2, Your Honor. And in that respect, the Agostino case, which sort of popped its head back up after the Nafar decision – Is Agostino a Court of Appeals precedential case? It is not, Your Honor. Agostino is a District Court case, and Nafar is a Court of Appeals not precedential case, correct? That is correct, Your Honor. So you can assume that the slate is clean. Happy to hear that. On Agostino, the court, in making its analysis, looked at the wrong section. They looked at 148.1. 148.1 has to do with representations made and received in the same state as were the actions taken in reliance on those representations. And by the way, I think the Mercedes-Benz case later on from the District Court in New Jersey clarified that Agostino went under the wrong prong. I most certainly agree, Your Honor. So in light of tell-aid and the exhaustive analysis that that court did, I think it certainly is the law of New Jersey in performing the most significant relationship test as the choice of law analysis that 148.2 would apply in this case. Samsung's representations were made in New Jersey. Mr. Kaplan. Yes, Your Honor. If we conclude that the Arizona law should be the law that should apply, what then is your strongest issue to have us reverse Judge Linares? Well, then it would be the express warranty, Your Honor, because under the express warranty, Arizona law is completely consistent with New Jersey law with regard to the notice issue. In that respect, Arizona and New Jersey are That's correct. Arizona and New Jersey would only require notice via the filing of the pleading under the law of either state. And you say that's the strongest position that you have here to have us reverse you? I believe that we have many strong positions. It would be difficult for me to pick one that I thought was sort of my favorite. I think on the New Jersey Consumer Fraud Act claim, this court could simply reverse and remand with instruction and instruct the court to conduct the test under the most significant relationship standard and also in the course of that to examine the factors set forth in Restatement 2nd, Section 6, and also Restatement Section 148.2, not 1. Although it would seem to be there has to be a lot of development of facts that we don't necessarily have, do we? Well, that's exactly right, Your Honor. We would need to do that on some sort of factual record, which we were unable to do here. And if I just might point out in the supplemental authority that we submitted to the court, there was a recent decision by Chief Judge Garrett Brown in Ray Samsung DLP where he specifically declined on a motion to dismiss to make a choice of law of determination because it was so inherently factual. Okay. I see that I'm out of time. Thank you. Thank you, Mr. Asuncio. May it please the Court. My name is Robert A. Asuncio, and I represent Samsung Electronics America, Inc. You'll do a lot better if you pick up that microphone. Yeah, there you go. Will do, Your Honor. How about that? Perfect. Your Honor, first I'd like to address the express warranty issue just very briefly. Well, the question I have on that one, Cooper is not alleging a, quote, Do you agree? And you're absolutely correct, Your Honor. In fact, Cooper does not use the word defect anywhere in the complaint. If you agree, why didn't you argue that in your brief? Well, actually, Your Honor, we argued below before Judge Linares. One of the arguments we did present to Judge Linares was that there is no allegation of defect in the complaint. However, Judge Linares' ruling relied on the limited warranty and the condition precedent that is found in the limited warranty requiring the plaintiff for warranty service to present the claim, present the product to Samsung for determination of problem and warranty service. He did not do that. And the court below found that it was a condition precedent that required, he was required to do that as a condition precedent for warranty service, and that was the basis of his ruling. And that's why we briefed it the way we did. But I think the court is absolutely correct that there is no allegation of defect in the complaint, and this really is not an express warranty claim. Tell me something. Did you take issue with the fact, or can you explain away the fact, that the J.C. case upon which the district court relied was a personal injury case? This is not a personal injury case. Is there something that we should know about it as to its application or not in light of that fact? I don't think it makes a difference, Your Honor, because I think the cases, for example, the Mercedes-Benz case, the Agostino case, and the Nafar case, all have concluded that the Supreme Court intended it to apply to broader than just a personal injury case. And technically, the claim under the New Jersey Consumer Fraud Act is a tort because it's a fraud. So I think it would fall within the burden. Before we get to leave the express warranty, just talking about choice of law, the district court on that one, and then we'll come back to this question, said that it would apply New Jersey law because that was the law that's contained in the limited warranty. No, I believe, I think the court applied New Jersey law because there was no conflict between. But didn't the court say that it was applying New Jersey law because of the choice of law provision in the limited warranty? This is on the express warranty claim. I don't believe so. And I may be incorrect about that, Your Honor, and I'd have to go back. But my recollection was that the parties in their briefing below conceded on both sides that there really was no conflict between Arizona and New Jersey law on that issue, and therefore New Jersey law would be applied. And the court accepted that. I thought what the court said, it would apply New Jersey law because that's what the parties chose. But, in fact, the parties didn't choose anything. There is nothing in the limited warranty as to choice of law. I don't believe there is. Correct. Okay, now we can go back to the Consumer Fraud Act. Well, I mean, the point here is you've got the governmental interest test, and it's been changed by the New Jersey Supreme Court in Camp JC, and they're saying now you apply a different test, basically a broader test, for determining choice of law. Doesn't that really require at this point a remand to develop facts to see how this all fits in with 148-2 in Section 6 of the restatement? Well, there are two points to that. One, no, I don't believe it does, because the plaintiff has pled sufficient facts in the complaint for this court to perform that analysis, either under 148-1 and 148-2, and I respectfully submit to the court that this actually is a 148-1 situation. Because how does 148-1 fit here? Because while the allegation here is that Samsung made their plans and conducted whatever analysis they did in New Jersey to come up with their advertising and marketing materials, there's no allegation that they were made in New Jersey. On the contrary, the allegations here, and that's paragraph 29 of the plaintiff's complaint, is that the entire transaction occurred between Mr. Cooper. 148-1 applies when the actions, the making of the representations, the receipt of the representations, and the plaintiff's action in reliance on those representations occur in the same state. Correct. Where the representations were made, where they were received, and where the damage occurred. They were made in New Jersey, right? No, they were not. This was manufactured in New Jersey or Arizona? Well, first of all, it wasn't manufactured in either, Your Honor. This is actually a product that's manufactured in Korea. Okay. But the allegation here is that the question is, what does the restatements mean by made? Where were they made, the representations made? If, for example, Samsung decided, okay, we're going to set up billboards around the country, and they put up a billboard in Arizona that says Samsung DLP 1080p televisions. Buy them. They're terrific. Where was that? I would submit to the court that that representation was made in Arizona. Your plaintiff is alleging that he relied on representations made in advertising and brochures, and his only allegation is that the transaction happened in New Jersey. I'm sorry, in Arizona. There is no allegation that there was any contact, any discussion, anything at all happening in New Jersey other than Samsung planned this advertising and promotional materials in New Jersey.  But why would there be then a differentiation between made and receipt? Well, because I assume there are circumstances where they're two different places. For example, if Mr. Cooper picked up the phone and called up New Jersey and spoke to someone at Samsung and said, hello, Mr. Samsung, tell me about your television, certain representations were made. I think this court is already, if you look at Agostino and you look at the Nafar decision, emanation, the issue is whether emanation is sufficient. I think if you look at the Nafar case and the Agostino case, emanation is not the same as where it was made. In other words, it may have emanated from New Jersey. The policies and procedures, as alleged, may have occurred in New Jersey. But where were they executed? Where were they made to the plaintiff? Here, I would submit to the court that they were made in Arizona. But you still have two problems, even if that were correct, which I don't agree with. But first of all, you still think you win even if it's 148-2 analysis, correct? Absolutely. And then the question is also you have this new decision of the New Jersey Supreme Court. I mean, doesn't that change the types of considerations that one takes into account in making determination as to which choice of law you apply? Well, I think what it does is it provides, I think it's basically the same information, the same facts are considered, but they are applied, in my view, in a more structured way. For example, 148-2, the factors that the court should consider or are directed to consider under the restatements is where did the plaintiff act in reliance? Arizona. That's alleged in the complaint. Where did the plaintiff receive the representation? Arizona. That's alleged in the complaint. Where did the defendant make the representation? We obviously disagree, Your Honor, but you know it's either New Jersey or Arizona. Domiciled the parties. We know that. That's alleged in the complaint. Place where the tangible thing, which is the subject of the transaction, was situated. Again, we know where that is. It's alleged. It's in Arizona. Place where plaintiff is to render performance. We can argue whether that's applicable or not. If it's not, here the only performance the plaintiff did was actually pay money to purchase the television set. So if you look at all those factors, all those factors are alleged in the complaint, and the restatement provides a prioritization, which should be weighed more, and what public policy reasons behind the weighing occur. That's all there. And I think this Court, there's precedent. Have you finished with your answer to Judge Ambrose? Did I? Yes. Well, I just wanted to make one more point, Your Honor. Go ahead. And that is this. An appellate court can affirm the result reached by the district court for different reasons, as long as the record supports that judgment. There's case law in this Third Circuit to support that. I respectfully submit to the Court that the facts are here. They're alleged in the complaint. We don't have to go back for further consideration of that issue. It's all there, and this Court has done that in the past. Okay. I have a question that I want to ask you. Judge Linares held that there was not sufficient pleading under Federal Rule of Civil Procedure 9B to sustain the complaint that the plaintiffs had for fraudulent concealment. Now, I've read that complaint, and it seems to me as though there's an awful lot in there that fills in some of the things that Judge Linares had said were lacking. What's your reaction to that? Well, actually, I'd like to know whether we affirm him on that point or whether we reverse him on that point. Well, I certainly have a position on that, Your Honor. Well, I know what your conclusion is. And let me tell you why, Your Honor. The problem with plaintiff's fraudulent concealment case is there is a gap. He never bridges the gap between his claim, the allegation. Speak into the mic. I'm sorry. He never bridges the gap between the allegation and any representation made by Samsung, and that's the problem. He doesn't specify. When you look at the original complaint, the original complaint, the plaintiff alleged. Now, you're talking about the original or the amended. Well, I'm going to get to the amended, Your Honor. All right. But there was a sea change in the plaintiff's position in this case, and I think that'll dramatize why there is a gap. If you look at the original complaint, the first allegation the plaintiff made was, I want a television capable of accepting 1080p signals and that my television will not accept 1080p signals. In his original complaint, he attempts to bridge the gap. In other words, he points to literature that he says the advertising and the promotional literature he claimed supported that allegation. The problem was when you looked at the literature, when you looked at what he quoted in his original complaint, it did not support his position. On the contrary, it contradicted. It provided the information that he claims was missing. We file a motion to dismiss or response to that complaint. Instead of defending that complaint, he withdraws it and files an amended complaint. And in his amended complaint, he changes his factual allegation. Now he says, no, I did not want a television that accepted 1080p because now I know my television does accept 1080p. What I wanted was a television that accepted 1080p digital signals through the HDMI, which is a specific port on the television. In support of that, he does not cite to any literature from Samsung that he claims would actually prove his point. But in order to comply with Federal Rules of Procedure 9B, you don't have to have quotations, right? You don't have to have quotations, but you have to, I believe you have to support it by merely saying, I was misrepresented by the literature. There has to be some, it has to be grounded in the literature. Some specific reference? I think some specific reference. And that's what was lacking. And I think that's where Judge Lehrer said, okay, you've now gutted your complaint of any reference to any material from Samsung that you claim misled you. Now there's nothing. There's just the allegation, I was misled, but there's nothing to back it up. And that was the hole that he left in his complaint that Judge Linares saw, and Judge Linares found that under Rule 9B he is required to do more. And you say that the amended complaint in its body, that is the material that precedes the listing of the various counts, that doesn't supply it either? It does not. It does not. In fact, he removed that all from the complaint. It was in the original complaint, and then in the amended complaint he removed all that language. I don't know if the Court – see, I have ten seconds. I really don't have anything to add other than to respect the request that the Court affirm below. Well, the unjust enrichment claim was not appealed, so we don't have to deal with that. That's correct. There were two things. No, I have nothing. Thank you. Thank you, Your Honor. Mr. Kaplan. Thank you. I'm going to move it down. How do you react to Mr. Asuncio's claim that 148-1 does apply to this case? My reaction to it is that I believe that respectfully Mr. Asuncio is incorrect. 148-1 looks at a very limited set of circumstances. The fraudulent representation is made in the same state as it's received and relied upon and acted upon. 148-2, the factors that are set forth in 148-2 make clear how it is to be interpreted on a proper factual record. 148-2 says that not only is the Court to look at the place or places where the plaintiff acted in reliance upon the defendant's representations, it also is to look at the place where the plaintiff received the representations. And Mr. Asuncio suggests that if there's a billboard in Arizona where Mr. Cooper saw some advertisement for a Samsung television, that would be where he received the representations, and that would be 148-1. But that's not 148-1. That's 148-2, the place where the plaintiff received the representations. 148-2, subsection B. So there seems to me not even to be a question as to what the appropriate section of 148 should be in a case such as this where representations are, by the admission of the defendant, planned in the state of New Jersey. Okay. You want to, Judge Garth was asking about the 9B issue as to whether there was sufficiently a plausible second amended complaint on the fraudulent concealment. Do you want to address that? I would, Your Honor. The fraudulent concealment was the sale of these televisions as 1080p. The literature said 1080p. I'm sure the signage said 1080p. But the televisions themselves said 1080p. What do you say about your friend's suggestion just a moment ago that the original complaint, while it may have contained language which might support it, the amended complaint did not? Well, I'm sorry. I assume that you were responsible for both complaints. I was, Your Honor. Yeah. And what I can say is that the amended complaint is the only complaint that is before the district court, and it's the only complaint that is before this panel. If the amended complaint doesn't satisfy Rule 9B, this panel should affirm the district court. If the panel is left with the firm conviction that the amended complaint does satisfy 9B, then I would respectfully ask this Court to reverse and remand. Where in the complaint does it satisfy 9B? Give us specifics. Well, Your Honor, if I may, the complaint goes into great detail about 1080p. What paragraph? You know what? I'm sorry. I didn't bring it up with me. Hold on. I mean, while you're doing it, I mean, the point that sort of we're not talking about but we probably should is the standard appears to be changing in light of Twombly and Iqbal, that you have to plead something. The claim has to be plausible. And when you quote from the documents and then they say, take a look at pages 3 and 4 and 6, and you go, uh-oh. So now I'm going to amend my complaint. Now, the question is, how is your complaint plausible at this point in time, your second amended complaint? Okay, but first you're going to tell me the specific paragraph. Exactly. I am time. We have in paragraph 9 a discussion of the Advanced Television Systems Committee, Inc., which then leads into a discussion of what that standard is for 1080p. 1080p is a defined standard. It is a standard that has been defined in the industry by the Advanced Television Systems Committee, of which Samsung is corporate. Okay, you've got limited time, so give us the paragraph. I do indeed. 16, paragraph 15 says the ATSC DV standard includes a standard 1920x1080 progressive scan as a standard. 18, I'm sorry, 20, the HD, DVD, and Blu-ray consortiums. 21, all Samsung so-called 1080p televisions have the input but cannot accept 1080p signals. I'm out of time, Your Honor. Would you like me to continue? Finish up. Finish up. No problem. What I would just suggest is that from, there are very specific allegations in this complaint. This is not the sort of complaint where a plaintiff comes in and says, I just feel somehow that I was cheated. You know, I sat on a panel in the Ninth Circuit. We had a similar case to this. I think they're sort of popping up all over the country, aren't they? It didn't get very far in the Ninth Circuit. Without knowing what particular case it was, I wouldn't be able to comment. I don't believe it was a 1080p television case. It was high-definition television and representation that it could receive so many pixels when they said it couldn't receive so many pixels. Oh, I'm aware of that case. That is actually very different than the allegations here. But, again, Judge Roth, that's really more of a factual kind of inquiry. Isn't this a pretty factual case? It is a factual case, Your Honor, but we're only at the pleading stage. We only need some opportunity to develop some kind of factual record. If Samsung, as they're arguing here, made such a spectacular disclosure of the limitations of this television, it should be relatively easy to resolve that factually. But that's not what the purpose of the pleading stage is. We're only required to allege facts sufficient to state a claim under ICBAL. Obviously, the standard is tighter. But there's no question in my mind that we've done so here, and all I can do is ask the court to please carefully review those sections of the complaint which are set forth as factual allegations. And if the court has nothing further, I'm way over my time. No problem. Thank you very much. Thank you very much. I would just ask respectfully that the court reverse and remand with instruction. Thank you, and thank you to both counsel for a well-presented argument. We'll take the matter under advisement, and we'll call the next case.